# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Duffy v. Orlan Brook Condominium Owners' Ass'n, 2012 IL App (1st) 113577**

---

| | |
|---|---|
| Appellate Court Caption | NORMA M. DUFFY, Plaintiff-Appellant, v. ORLAN BROOK CONDOMINIUM OWNERS' ASSOCIATION, and UNKNOWN INDIVIDUAL BOARD MEMBERS OF THE ORLAN BROOK CONDOMINIUM OWNERS' ASSOCIATION, Individually, Defendants-Appellees. |
| | |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-3577 |
| | |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | September 28, 2012<br><br>October 31, 2012<br>November 30, 2012 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from defendant condominium association's failure to repair common elements of the development, including the foundation, walls and the slab, which resulted in damage to plaintiff's unit, the claims in plaintiff's fourth amended complaint for breach of fiduciary duty were improperly dismissed, but she failed to plead a separate claim for constructive fraud, and she did not allege sufficient specific facts to support claims for intentional and negligent infliction of emotional distress. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-3467; the Hon. Kathy Flanagan, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Donald L.F. Metzger, of Chicago, for appellant. |
| | SmithAmundsen LLC, of Chicago (Michael Resis and Margaret C. Firnstein, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE LAMPKIN delivered the judgment of the court, with opinion. |
| | Justices Hall and Garcia concurred in the judgment and opinion. |

## OPINION

¶ 1      Plaintiff, Norma Duffy, appeals the circuit court's order granting the dismissal of her fourth amended complaint in favor of defendants, Orlan Brook Condominium Owners' Association (condo association) and unknown members of the Orlan Brook Condominium Owners' Association, individually (board members). Plaintiff contends her fourth amended complaint adequately pled causes of action for breach of fiduciary duty, constructive fraud, intentional infliction of emotional distress, and, in the alternative, negligent infliction of emotional distress. Based on the following, we affirm in part, reverse in part, and remand for further proceedings.

¶ 2                        FACTS

¶ 3      On March 19, 2010, plaintiff filed a four-count complaint for damages and a declaratory judgment against the condo association and her insurer, State Farm Insurance Company (State Farm), alleging breach of fiduciary duty, intentional and negligent infliction of emotional distress, and constructive fraud against the condo association, and seeking a declaratory judgment against State Farm. The condo association and State Farm filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2008)). Prior to any ruling on the motion, plaintiff obtained leave to file a first amended complaint and withdrew State Farm as a named defendant.

¶ 4      On October 12, 2010, plaintiff filed a first amended complaint against defendants, alleging breach of fiduciary duty, intentional and negligent infliction of emotional distress, and constructive fraud. Defendants filed a section 2-615 motion to dismiss, alleging plaintiff failed to plead sufficient facts to establish her claims. The circuit court granted the motion to dismiss, finding plaintiff's allegations were conclusory and lacking in the specific facts necessary to support each element of each cause of action. Plaintiff was granted leave to amend.

¶ 5        On February 8, 2011, plaintiff filed a second amended complaint, alleging breach of fiduciary duty and intentional and negligent infliction of emotional distress. Defendants again filed a section 2-615 motion to dismiss, arguing that plaintiff failed to plead facts to support her claims and arguing that she could not state a claim for breach of fiduciary duty based on the business judgment rule. The circuit court granted defendants' motion to dismiss, finding the second amended complaint "continues to be wholly conclusory and lacking in specific, relevant facts necessary to support each element of each cause of action set forth." Plaintiff was granted leave to amend.

¶ 6        On June 3, 2011, plaintiff filed a third amended complaint, realleging breach of fiduciary duty and intentional and negligent infliction of emotional distress. Defendants filed a section 2-615 motion to dismiss, arguing that plaintiff failed to cure the defects in her prior complaints. The circuit court dismissed the complaint, but gave plaintiff another opportunity to amend.

¶ 7        On August 15, 2011, plaintiff filed a fourth amended complaint, the subject of which underlies the instant appeal. In that complaint, plaintiff again alleged breach of fiduciary duty and intentional and negligent infliction of emotional distress. The following facts were obtained from the complaint.

¶ 8        Plaintiff became the owner of a condominium within the condo association on March 31, 1998, and resided there continuously until early October 2009. The condo association was organized as a not-for-profit corporation and was governed by the "Declaration of Condominium Ownership and of Easements, Restrictions and Covenants" (declarations).

¶ 9        In May 2009, plaintiff informed defendants that her unit was damaged and that "there was settlement of the slab and failure of walls." Plaintiff alleged the damage was caused by the settlement of the soil beneath and around her unit. Plaintiff further alleged the soil under her unit, as well as the foundation, slab, walls, and ceiling of her unit were common elements, which it was defendants' duty to manage and maintain. In a letter dated May 18, 2009, defendants informed plaintiff that the cost to repair the common elements causing damage to her unit would be the responsibility of defendants. In a letter dated September 18, 2009, plaintiff was informed that she needed to move all of her personal property and possessions out of her unit prior to the start of the repair work scheduled to begin October 5, 2009. According to the complaint, "plaintiff complied, relocated to another residence, and moved her personal property and possessions out of her unit."

¶ 10       The complaint further provided that the condo association "failed to take any action to properly make repairs." However, the condo association removed "the carpeting, utilities, cabinets, and other furnishings such that Plaintiff's unit was completely stripped and the walls and floor barren, rendering Plaintiff's unit uninhabitable." Plaintiff alleged that defendants solicited bids for the work as late as February and April 2010 and did not begin work inside her unit until the fall of 2010. Moreover, the complaint alleged "Defendants had actual knowledge that the interior work undertaken by Defendants would not remedy the existing, dangerous condition of the exterior wall subsidence" and "to date, Defendants have not resolved or repaired the footing, foundation, or subsidence that continues to damage Plaintiff's unit."

¶ 11    The complaint detailed the four allegations, namely, breach of fiduciary duty against the individual board members, breach of fiduciary duty against the condo association, intentional infliction of emotional distress against defendants, and, in the alternative, negligent infliction of emotional distress against defendants.

¶ 12    Defendants again filed a section 2-615 motion to dismiss. The circuit court granted the motion, finding the allegations "continue to lack specific, relevant facts necessary to support each element of each cause of action set forth." The circuit court granted plaintiff leave for "one last and final opportunity" to amend the complaint. On November 1, 2011, the circuit court entered an order indicating plaintiff's choice to stand on her complaint and dismissed the fourth amended complaint with prejudice. This appeal followed.

¶ 13                                    DECISION

¶ 14    A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. In reviewing a section 2-615 dismissal motion, the relevant question is whether, taking all well-pleaded facts as true, the allegations in the complaint, construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Id.* ¶ 16. A court should grant a section 2-615 dismissal only where no set of facts can be proved entitling the plaintiff to recovery. *Id.* A plaintiff, however, may not rely on factual or legal conclusions that are not supported by factual allegations. *Davis v. Dyson*, 387 Ill. App. 3d 676, 682 (2008). We review the dismissal of a complaint *de novo*. *Doe-3*, 2012 IL 112479, ¶ 15.

¶ 15                            I. Breach of Fiduciary Duty

¶ 16    Plaintiff contends her fourth amended complaint sufficiently pled a cause of action for breach of fiduciary duty against the condo association and the board members for acts and omissions in violation of the condominium declarations and bylaws, in that they failed to maintain and repair the common elements, thereby proximately causing her damages. We recognize that plaintiff pled separate counts of breach of fiduciary duty against the condo association and the board members; however, we address the counts in combination as the allegations in the complaint are nearly identical.

¶ 17    To state a claim for breach of fiduciary duty, a plaintiff must allege the existence of a fiduciary duty, the breach of that duty, and damages proximately caused therefrom. *Neade v. Portes*, 193 Ill. 2d 433, 444 (2000).

¶ 18    Pursuant to section 18.4 of the Condominium Property Act (Condo Act), the board of managers has the duty to "provide for the operation, care, upkeep, maintenance, replacement and improvement of the common elements" of a condominium building. 765 ILCS 605/18.4(a) (West 2008). The Condo Act further provides that board members owe the individual unit owners a fiduciary duty. 765 ILCS 605/18.4 (West 2008) ("[i]n the performance of their duties, the officers and members of the board *** shall exercise the care required of a fiduciary of the unit owners"). The condominium association is similarly required to exercise a fiduciary duty toward the individual unit owners. *La Salle National*

*Trust, N.A. v. Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d 449, 454 (1997). Therefore, the condominium association and its board members are required to "act in a manner reasonably related to the exercise of that duty and the failure to do so results in liability for the board and its individual members." *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 62.

¶ 19    Defendants concede that they owed plaintiff a fiduciary duty to provide for the operation, care, upkeep, maintenance, replacement, and improvement of the common elements. We, therefore, turn to the question of breach. Plaintiff argues she presented sufficient facts demonstrating that defendants breached their fiduciary duty. Defendants respond that plaintiff failed to establish facts demonstrating their decisions regarding the repair work were not a valid exercise of the business judgment rule and, therefore, do not constitute a breach of their fiduciary duty.

¶ 20    In her fourth amended complaint, plaintiff alleged, in relevant part, the following:

"From May 2009 until the date of the filing hereof, Plaintiff continues to suffer damage to her unit from the settling and subsidence of the common elements.

The alleged repairs undertaken by Defendants in late 2010 were cosmetic only and failed to remedy the underlying settling and subsidence of the common elements. ***

Defendants delayed[,] failed[,] and only completed minimal cosmetic repairs and continued to refuse to remedy a known, existing, and dangerous condition of the common elements.

Such [a] known, existing, and dangerous condition of the common elements is solely within Defendants' control and obligation to repair.

Defendant Association and its Board members intentionally and with reckless disregard to their duties and obligation[s] committed one or more of the following acts or omissions:

a. Unreasonably delayed bidding for repair work to Plaintiff's unit;

b. Restricted the scope of the bid specifications to interior, cosmetic work;

c. Accepted a bid that did not address common element repairs;

d. Refused to bid for repairs to the common elements;

e. Permitted the continuation of a known dangerous condition to exist on the common elements;

f. Refused to authorize common element repairs;

g. Refused to compensate Plaintiff for her expenses in relocation; and/or

h. Permitted the devaluation of Plaintiff's unit by failing to repair the continuing soil subsidence.

The foregoing acts or omission constitute a breach of Defendant's fiduciary duty to Plaintiff.

In breach of the foregoing obligation to maintain the common elements, Defendants have failed to stop the subsidence and failed to complete the repairs to the common elements.

For the preceding year, and until sufficient repairs are made that remedy the underlying problems to the known, existing, and dangerous condition of the common elements, Plaintiff's unit is uninhabitable.

In breach of the foregoing fiduciary duty, Defendants have failed to complete the repairs to the common elements and/or compensate Plaintiff for her being displaced from her unit.

The acts and omissions of the individual Board members, by their failure to remedy a known, existing, and dangerous condition, in breach of their fiduciary duties to Plaintiff as well as other owners/members, amounts to willful and wanton conduct."

¶ 21     A board's proper exercise of its fiduciary duty requires "strict compliance with the condominium declaration and bylaws." *Wolinksy v. Kadison*, 114 Ill. App. 3d 527, 534 (1983). Here, the declarations provided that the condo association "shall provide and shall pay for out of the maintenance fund" for:

"[l]andscaping, gardening, snow removal, painting, cleaning, tuckpointing, maintenance, decorating, repair and replacement of the Common Elements (but not including the interior surfaces of the Units, which the respective Unit Owners shall, at their sole cost and expense, paint, clean, decorate, maintain, repair and replace) and such furnishings and equipment for the Common Elements as the Board shall determine are necessary and proper, and the Board shall have the exclusive right and duty to acquire the same for the Common Elements."

The declarations further provided: "[m]aintenance, repairs, and replacements of the Common Elements shall be furnished by the Association, and the cost of such maintenance, repairs and replacements shall be part of the common expenses, subject to the By-Laws, rules and regulations of the Association." Additionally, the declarations said: "[t]he members of the Board of Managers *** shall not be personally liable to the Unit Owners or others for any mistake of judgment or for any acts or omissions made in good faith as such Board members or acting as the Board."

¶ 22     We conclude that plaintiff's fourth amended complaint sufficiently pled defendants breached their fiduciary duties where she alleged defendants knowingly and willfully failed to comply with the Condo Act and the condominium's declarations by failing to commence repairs to the common elements for more than one year, and then refusing to make the requisite repairs to the common elements that had caused damage and continued to cause damage to her individual unit. See *Davis*, 387 Ill. App. 3d at 693 (the plaintiff stated a valid cause of action for breach of fiduciary duty where the plaintiff alleged that the board of directors of the condominium association violated the bylaws by failing to purchase the requisite insurance protection); *Wolinsky*, 114 Ill. App. 3d at 534 (the plaintiff sufficiently pled a cause of action for breach of fiduciary duty against the condominium board where she alleged she was a member of the association and the board failed to comply with the bylaws by exercising a right of first refusal without first obtaining the requisite affirmative vote of the ownership).

¶ 23     Defendants argue plaintiff failed to assert allegations establishing that the decisions they made in arranging for the repairs rebutted the presumption of good faith provided to

-6-

defendants by the business judgment rule. Plaintiff replies that the business judgment rule does not have application in this case because defendants' failure to comply with the Condo Act and declarations did not involve discretionary business decisions or judgments.

¶ 24 Pursuant to the business judgment rule, " '[a]bsent evidence of bad faith, fraud, illegality, or gross overreaching, courts are not at liberty to interfere with the exercise of business judgment of corporate directors.' " *Goldberg*, 2012 IL App (1st) 110620, ¶ 63. The rule is intended to protect directors who have been diligent and careful in performing their duties from being exposed to liability from honest mistakes of judgment. *Id*. This court recently held that when a condominium board properly exercises its business judgment in interpreting its own declarations, there will be no finding that the board breached its fiduciary duty so long as the board was sufficiently informed to make an independent business decision. *Id*. ¶¶ 62, 65.

¶ 25 Even assuming, *arguendo*, the business judgment rule applies here, such that defendants would be protected in making decisions regarding the exact course of action for repairing the faulty common elements, the rule requires that "directors exercise due care in carrying out their corporate duties. [Citation.] If directors fail to exercise due care, then they may not use the business judgment rule as a shield for their conduct." *Goldberg*, 2012 IL App (1st) 110620, ¶ 63. Plaintiff's fourth amended complaint repeatedly alleged that defendants failed to exercise due care where she was told to move herself and her belongings out of her home one year before work commenced on the property, and then the work eventually completed was merely cosmetic in nature and did not remedy the cause of damage to her unit. Essentially, plaintiff alleged that she put her faith in defendants and they held and continue to hold her condominium for ransom by failing to make the necessary repairs. We, therefore, conclude that the business judgment rule does not defeat plaintiff's cause of action.

¶ 26 We further find plaintiff sufficiently pled the existence of damages proximately caused by defendants' breach. In her fourth amended complaint, plaintiff alleged she has been displaced from her condominium since October 2009, has incurred the costs and expenses of relocating herself and her belongings, has lost value in her condominium, cannot sell or lease her condominium because the requisite repairs were never completed, and has incurred costs in asserting the underlying lawsuit.

¶ 27 In sum, we find the circuit court erred in dismissing plaintiff's breach of fiduciary duty claims where she sufficiently stated causes of action upon which relief may be granted.

¶ 28                                    II. Constructive Fraud

¶ 29 Plaintiff contends that her fourth amended complaint additionally pled a cause of action for constructive fraud where the allegations of breach of fiduciary duty also stated a claim for constructive fraud. Defendants argue that plaintiff waived any claim for constructive fraud because she abandoned the claim by failing to continuously plead it throughout her amended complaints.

¶ 30 Plaintiff does not dispute that she failed to plead a claim for constructive fraud after the dismissal of her first amended complaint. Generally, "a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints." *Foxcroft*

*Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153 (1983). Where there is a completed amendment that does not refer to or adopt a prior pleading, the earlier pleading ceases to be part of the record and is abandoned and withdrawn for most purposes. *Id*. at 154. The reason for the rule is to ensure that the trial court is aware of the substantive points at issue. *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 36 (1995).

¶ 31    Plaintiff argues that she has not waived review of her constructive fraud claim because she does not challenge the circuit court's dismissal of that claim in her first amended complaint. Rather, plaintiff contends she has sufficiently pled a new cause of action for constructive fraud in her fourth amended complaint. Plaintiff cites *Board of Directors of the 1100 Lake Shore Drive Condominium* as support.

¶ 32    In *Board of Directors of the 1100 Lake Shore Drive Condominium*, this court held that a presumption of fraud arises when there is a breach of a fiduciary duty. *Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d at 455. A claim for constructive fraud does not require actual dishonesty or intent to deceive; rather, allegations establishing a breach of fiduciary duty are enough. *Id*. at 455, 457. However, in *Board of Directors of the 1100 Lake Shore Drive Condominium*, the issue was whether the board could be liable to the unit owner for the acts alleged where the declarations relevant to that case included an exculpatory clause restricting the board's liability to grossly negligent and fraudulent acts. *Id.* at 454-55. The plaintiff alleged the board breached its fiduciary duty and this court was charged with determining whether the exculpatory clause prevented the plaintiff from asserting the claim. This court concluded that, where a complaint sufficiently pleads a cause of action for breach of fiduciary duty, there is a presumption of constructive fraud. *Id*. at 456. Unlike in the case before us, it was clear from the record in that case that the parties and the lower court treated the plaintiff's breach of fiduciary duty claim as a constructive fraud claim. *Id*. In other words, only one claim was considered, not two separate claims.

¶ 33    Our research supports a finding that breach of fiduciary duty is a form of constructive fraud. "Generally, fraud means 'anything calculated to deceive, including acts, omissions and concealments involving a breach of legal or equitable duty, trust or confidence resulting in damage to another.' [Citation.] Whether fraud exists depends upon the facts of the particular case. [Citation.] However, where there is a breach of a legal or equitable duty arising out of a fiduciary relationship, a presumption of fraud arises. [Citation.] This type of fraud is called 'constructive fraud.' [Citation.]" *Vermeil v. Jefferson Trust & Savings Bank of Peoria*, 176 Ill. App. 3d 556, 564 (1988). We, therefore, conclude plaintiff has not pled a separate claim for constructive fraud in addition to her breach of fiduciary duty claims.

¶ 34                    III. Intentional Infliction of Emotional Distress

¶ 35    Plaintiff next contends her fourth amended complaint presented a sufficient claim for intentional infliction of emotional distress. Defendants contend the claim was properly dismissed where the pleading failed to state a cause of action upon which relief may be granted.

¶ 36     To assert a claim for intentional infliction of emotional distress (IIED), a plaintiff must establish: (1) the defendant engaged in "extreme and outrageous" conduct toward the plaintiff; (2) the defendant intended or recklessly disregarded the probability that the conduct would cause the plaintiff to suffer emotional distress; (3) the plaintiff endured "severe [and] extreme" emotional distress; and (4) the defendant's conduct actually and proximately caused the plaintiff's distress. (Internal quotation marks omitted.) *Ulm v. Memorial Medical Center*, 2012 IL App (4th) 110421, ¶ 39. An objective standard, based on all of the facts and circumstances, determines whether conduct is extreme and outrageous. *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (2004). Extreme and outrageous behavior will not be found with mere insults, indignities, threats, annoyances, petty oppressions, or trivialities. *Ulm*, 2012 IL App (4th) 110421, ¶ 40. Rather, extreme and outrageous behavior requires conduct that goes beyond all possible bounds of decency, such that a reasonable person would hear the facts and be compelled to feelings of resentment and outrage. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 21 (1992) (citing Restatement (Second) of Torts § 46 cmt. d, at 73 (1965)). In determining whether behavior is extreme and outrageous, courts may consider whether the defendant abused a position of actual or apparent authority over the plaintiff or abused the power to affect the plaintiff's interests or where the defendant was aware that the plaintiff was particularly susceptible to emotional distress due to some physical or mental condition or peculiarity. *Id*. at 21.

¶ 37     Defendants argue plaintiff failed to sufficiently allege that their conduct was extreme and outrageous. Plaintiff contends her fourth amended complaint alleged that defendants' failure to make timely repairs and subsequent refusal to repair the actual problem causing damage to her condominium, thereby causing her continued displacement from her home, was an abuse of their authority as fiduciaries and managers of the building and placed her in circumstances under which she was particularly susceptible to emotional distress.

¶ 38     Plaintiff's fourth amended complaint alleged that defendants insisted she move out of her home to commence repairs to her damaged unit in October 2009; however, they only made cosmetic repairs to her unit in late 2010 and failed to remedy the underlying problem. In addition, plaintiff alleged:

    "Defendants knew or reasonably should have known that their failure to repair the common elements, and other acts and omissions, would cause severe emotional distress to Plaintiff.

    Defendants intentionally or with a reckless disregard to their obligations, duties, and the rights of the Plaintiff acted in a manner causing the Plaintiff damages.

    The actions of the Defendant[s] were extreme and outrageous in disregarding the Plaintiff's home, living conditions and safety.

    The action[s] of the Defendant[s] [*sic*] knew that their conduct[,] actions[,] and omissions were intentional and would cause severe and painful emotional distress or knew with a high probability would cause such distress.

    Plaintiff suffers from severe emotional distress as a direct and proximate result of Defendants' willful and wanton conduct, causing aggravation to Plaintiff's dementia.

    As a result thereof Plaintiff incurred monetary losses, medical expenses, emotional

-9-

distress and pain and suffering."

¶ 39    Initially, we find plaintiff's allegations are insufficient to establish the first element of the cause of action, namely, that defendants' conduct was extreme and outrageous. Although defendants actions were inconvenient, aggravating, and annoying, we do not believe they rise to the level of extreme and outrageous conduct because the actions were not so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable. See *Kolegas*, 154 Ill. 2d at 21.

¶ 40    Plaintiff argues defendants abused their position of power similar to if the parties were in a landlord-tenant relationship. Police officers, school authorities, landlords, and collecting creditors are included in a nonexclusive list of individuals who, while exercising their authority, can become liable for IIED where there are extreme abuses of their positions. *Doe v. Calumet City*, 161 Ill. 2d 374, 393 (1994), *overruled on other grounds*, *In re Chicago Flood Litigation*, 176 Ill. 2d 179 (1997). "When an abuse of a position of authority is at issue, courts also examine whether the defendant reasonably believed that his objective was legitimate." *Id*. Past cases in which IIED has been sufficiently alleged include abuses of power by employers, creditors, or financial institutions. See *id*. at 393-94 (where the complaint alleged that a police officer berated a sexual assault victim and refused to save the victim's children from an intruder due to fear of personal liability for property damage); *Kolegas*, 154 Ill. 2d at 21-23 (where the complaint alleged that disc jockeys made insulting comments on the radio against plaintiff and his family regarding their physical disfigurements); *McGrath v. Fahey*, 126 Ill. 2d 78, 91-93 (1988) (where the complaint alleged that the defendants, who were officers and board members of major financial institutions, attempted to defraud the plaintiff, an unsavvy investor, out of millions of dollars worth of real estate); *Pavilon v. Kaferly*, 204 Ill. App. 3d 235, 245-46 (1990) (where the complaint alleged that an employer engaged in a cumulative pattern of pressuring an employee for dates, offering to pay her money for sexual favors, engaging in harassing behaviors after she was fired, and threatening to kill and rape her); *Milton v. Illinois Bell Telephone Co.*, 101 Ill. App. 3d 75, 78-81 (1981) (where the complaint alleged that an employer engaged in an extensive course of disciplinary and harassing conduct to coerce the plaintiff to falsify work reports).

¶ 41    We do not find the fiduciary relationship here, between a unit owner and the condo association and individual board members, was abused by defendants in such a fashion to constitute extreme and outrageous conduct. Again, while defendants conduct was aggravating and confounding, the documents attached to plaintiff's fourth amended complaint (*Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 186 Ill. 2d 472, 491-92 (1999)) demonstrate that their actions were undertaken with legal objectives in mind. *Doe*, 161 Ill. 2d at 393. When notified of the damage in plaintiff's unit, defendants sent a letter advising plaintiff that they would bear all costs for the repairs. Subsequent letters and proposals demonstrate, albeit without expediency, that defendants received bids to repair the cause of the damage. Although, as we previously concluded, plaintiff alleged facts demonstrating defendants breached their fiduciary duty by not repairing the common elements affecting the habitability of her unit, plaintiff failed to allege facts demonstrating defendants did not have legal objectives in mind in attempting to remedy the underlying

-10-

causes of damage.

¶ 42    Additionally, plaintiff did not allege that defendants were aware she was particularly susceptible to emotional distress due to physical or mental impairments. Plaintiff's fourth amended complaint merely alleged that defendants "knew with a high probability [that their conduct] would cause such distress." There was no allegation that defendants knew plaintiff suffered from dementia or some other impairment. *Cf. Pavilon*, 204 Ill. App. 3d at 246-47 (the employer knew the employee was susceptible to extreme and outrageous behavior as he knew her to be undergoing psychotherapy); *McGrath*, 126 Ill. 2d at 90-92 (the defendants knew the plaintiff was recovering from heart surgery, yet wrongfully continued to refuse to release his money). As a result, plaintiff failed to establish she was particularly susceptible to emotional distress.

¶ 43    Moreover, plaintiff's fourth amended complaint failed to adequately allege the third element of the cause of action, namely, that she suffered severe and extreme emotional distress. "Emotional distress includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea." *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 276 (2003) (citing Restatement (Second) of Torts § 46 cmt. j, at 77 (1965)). A complaint for IIED must be "specific, and detailed beyond what is normally considered permissible in pleading a tort action." *McCaskill v. Barr*, 92 Ill. App. 3d 157, 158 (1980).

¶ 44    In a conclusory fashion, plaintiff alleged she suffered from emotional distress in the form of aggravating her dementia and that she suffered monetary losses, medical expenses, emotional distress, and pain and suffering. *Doe*, 161 Ill. 2d at 385 ("mere conclusions of law or fact unsupported by the specific factual allegations in a complaint are disregarded in a motion to dismiss"). We recognize that in *Kolegas*, the supreme court found that "facts alleged in support of the outrageous character of the defendants' conduct are sufficient to support the additional allegation that the plaintiffs suffered severe emotional distress as a result of that conduct." *Kolegas*, 154 Ill. 2d at 25. In other words, the supreme court concluded that allegations establishing extreme and outrageous conduct will, at times, in themselves also establish that the plaintiff suffered severe emotional distress. *Id*. However, where we have concluded the allegations of defendants' conduct were not so extreme and outrageous, plaintiff cannot establish she suffered severe emotional distress merely in reliance on those allegations. " 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and duration of the distress are factors to be considered in determining its severity.' " *McGrath*, 126 Ill. 2d at 86 (quoting Restatement (Second) of Torts § 46 cmt. j, at 77-78 (1965)). Plaintiff's fourth amended complaint failed to sufficiently allege she suffered severe emotional distress.

¶ 45    We, therefore, conclude the circuit court properly dismissed plaintiff's claim for IIED.


¶ 46                          IV. Negligent Infliction of Emotional Distress

¶ 47    Plaintiff contends, in the alternative, that her fourth amended complaint sufficiently pled a cause of action for negligent infliction of emotional distress.

¶ 48    To plead a cause of action for negligent infliction of emotional distress (NIED), a

-11-

plaintiff must demonstrate duty, breach, causation, and injury. *Cooney v. Chicago Public Schools*, 407 Ill. App. 3d 358, 363 (2010) (citing *Corgan v. Muehling*, 143 Ill. 2d 296, 306 (1991)).

¶ 49 We find plaintiff failed to state a sufficient claim for NIED. Although plaintiff sufficiently alleged defendants owed her a fiduciary duty and breached that duty, she failed to provide sufficient allegations of emotional distress. In her fourth amended complaint, plaintiff stated that "Defendants knew or reasonably should have known that their failure to repair the common elements, and other acts and omissions, would cause severe emotional distress to Plaintiff" and that "Plaintiff suffers from severe emotional distress as a direct and proximate result of Defendants' willful and wanton conduct, causing aggravation to Plaintiff's dementia including discomfort, pain and suffering, emotional distress and additional medical expenses." Plaintiff allegations were conclusory and failed to provide specific facts demonstrating her emotional distress. *Doe*, 161 Ill. 2d at 385. We, therefore, conclude plaintiff failed to establish a claim for NIED.

¶ 50 CONCLUSION

¶ 51 The circuit court erred in dismissing plaintiff's claims for breach of fiduciary duty against defendants where her fourth amended complaint sufficiently presented causes of action upon which relief may be granted. Plaintiff did not plead an additional cause of action for constructive fraud. The circuit court, however, properly dismissed plaintiff's claims of IIED and NIED where plaintiff failed to plead sufficient causes of action.

¶ 52 Affirmed in part and reversed in part; cause remanded.